## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RICHARD STORLIE,

          Plaintiff,

  vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

          Defendant.

Case No.: 2:09-cv-02205-GMN-PAL

**ORDER**

Pending before the Court is Defendant State Farm Mutual Automobile Insurance Company's Objection (ECF No. 33) to Magistrate Judge Peggy A. Leen's Order (ECF No. 32) denying Defendant's Emergency Motion to Compel Examination of Plaintiff Richard Storlie (ECF No. 16). For the reasons that follow, Defendant's Objection (ECF No. 33) is DENIED, and Magistrate Judge Leen's Order is AFFIRMED.

**I.   BACKGROUND**

This lawsuit was filed by an insured of Defendant in an effort to recover underinsured motorist benefits arising out of a December 26, 2008 traffic collision. Although the case was initially filed in state court, it was removed to this District on November 18, 2009. Once it was removed, Magistrate Judge Leen entered a Discovery Plan and Scheduling Order that established a May 24, 2010 discovery cutoff date, a March 24, 2010 deadline for disclosing experts, and an April 23, 2010 deadline for disclosing rebuttal experts. Magistrate Judge Leen later approved a joint stipulation extending the discovery cutoff until August 22, 2010, and making the deadline for disclosing experts June 22, 2010 and the deadline for disclosing rebuttal experts July 22, 2010.

Defendant filed its Emergency Motion to Compel Examination of Plaintiff Richard Storlie on July 19, 2010, three (3) days prior to the deadline for disclosing rebuttal experts. In the Motion, Defendant contended that there was good cause for an examination under Federal Rule of Civil Procedure 35 because Plaintiff had put his medical condition at issue and because the provisions of Plaintiff's State Farm policy obliged him to submit to such a test.

Magistrate Judge Leen denied the Motion, finding that "State Farm's June 23, 2010 request for an independent medical examination [was] untimely," (Order 7:9–10, ECF No. 32), as Defendant had obtained a general medical authorization release from Plaintiff nearly a year earlier in July of 2009.  Magistrate Judge Leen reasoned that allowing for an independent medical examination at such a late date "would interfere with this court's Discovery Plan and Scheduling Order, delay these proceedings, and require Plaintiff to incur additional expense in deposing the independent medical examiner and potentially being required to retain an additional expert to rebut his findings." (Order 7:11–13, ECF No. 32.)

Defendant timely[1] objected to the Order, contending that Magistrate Judge Leen erroneously ignored the terms of Plaintiff's State Farm policy and additionally erred in finding that Defendant's request for an independent medical examination was made too late.

## II.     DISCUSSION

### A.     Review of a Magistrate Judge's Order

Local Rule of Practice IB 1-3 confers upon magistrate judges the authority to issue orders concerning pretrial matters, providing: "[a] magistrate judge may hear and finally

---

[1] Plaintiff argues that Defendant's Objection was filed in an untimely manner because it was filed seventeen (17) days after Magistrate Judge Leen's Order, instead of fourteen (14) days.  However, because Magistrate Judge Leen's Order was served on the parties by electronic means, Federal Rule of Civil Procedure 6(d) applies. Accordingly, Defendant had three (3) days in addition to the initial fourteen (14) in which to file an Objection.  Therefore, this Court finds that the Objection was timely filed.

determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)." The determination of whether to allow an independent medical examination is not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A), nor is it a dispositive matter, so Judge Leen properly exercised her authority over this issue.

Local Rule of Practice IB 3-1(a) articulates the standard of review that a district court judge must apply when reviewing a magistrate judge's decision with regard to a matter-- such as this one--that may be finally determined by a magistrate judge. Local Rule IB 3-1(a) provides, in part:

> A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3 where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law. Any party wishing to object to the ruling of the magistrate judge on a pretrial matter shall, within fourteen (14) days from the date of service of the magistrate judge's ruling, file and serve specific written objections together with points and authorities in support thereof.

D. Nev. R. IB 3-1(a); *see* 28 U.S.C. § 636(b)(1)(A) (indicating that "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). Thus, this Court may not overturn Judge Leen's ruling unless it is clearly erroneous or contrary to law. The clearly erroneous standard is significantly deferential to the initial ruling, and this Court will only overturn the magistrate judge's decision if, upon review, the Court is left with a definite and firm conviction that a mistake has been made. *See David H. Tedder & Associates, Inc. v. United States*, 77 F.3d 1166, 1169–70 (9th Cir 1996). The Court is not left with such a definite and firm conviction in this case.

**B.     Rule 35**

Rule 35 of the Federal Rules of Civil Procedure permits a court to order a party whose mental or physical condition is in controversy to submit to a physical or mental

examination. Fed. R. Civ. P. 35(a).  As Magistrate Judge Leen correctly noted, this rule is permissive, not mandatory. *See* Fed. R. Civ. P. 35(a)(1) (providing "[t]he court where the action is pending *may* order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination . . . ." (emphasis added)).  A court need not order an independent medical examination upon a showing that the person's medical condition is in controversy and that there is good cause; it merely *may* make such an order. *Hardy v. Riser*, 309 F. Supp. 1234, 1241 (N.D. Miss. 1970) (explaining that "[e]ven when the 'good cause' and 'in controversy' requirements are met, it is still in the sound discretion of the trial court whether to order the examination"); *Shirsat v. Mutual Pharm. Co.*, 169 F.R.D. 68, 70 (E.D. Pa. 1996) (noting "even when good cause is shown, whether to order a proposed examination is committed to the discretion of the court").  Thus, Defendant's rhetoric regarding it being "entitled" to a medical examination under Rule 35, (Objection 4:5–6, ECF No. 33), is inaccurate; the court has discretion to determine whether a medical examination will be performed under Rule 35.

     Defendant contends that Magistrate Judge Leen abused this discretion when she denied Defendant's Motion based on the late date on which it was filed.  Defendant argues that "virtually any attorney in Las Vegas would have stipulated" to its request and that the principal reason for it needing to file the motion was the "unusual obstreperousness of Plaintiff's counsel in refusing to stipulate to an otherwise reasonable, routine examination." (Objection 3:12–15, ECF No. 33.)  However, even if Plaintiff's counsel were abnormally combative with regard to Defendant's request for a medical examination, this Court still does not find that Magistrate Judge Leen committed clear error by denying this motion based on how late in the discovery process the request was made.

     As Magistrate Judge Leen found, "State Farm has had an executed general medical authorization release from the Plaintiff since July 2009, nearly one (1) year before it

requested an independent medical examination." (Order 7:7–9, ECF No. 32.)  Defendant does not dispute this, nor can it, as Defendant noted in its Reply to Plaintiff's Response to the Motion to Compel that Plaintiff's counsel provided Defendant with authorization to obtain Plaintiff's medical records on July 15, 2009 (*see* Reply 6:26–7:1, ECF No. 28). Despite having that authorization in July of 2009 and the knowledge of Plaintiff's potential bodily injury claim as early as January of 2009, (*see* Reply Ex. F, ECF No. 28), it was not until June of 2010 that Defendant first requested that Plaintiff submit to an independent medical investigation.

It was perfectly within Magistrate Judge Leen's discretion to determine that the June 2010 request was made too late in the litigation, regardless of whether the typical Las Vegas attorney would have agreed to such a request.  Because Defendant's motion was made only three (3) days prior to the deadline for disclosing rebuttal experts and nearly a month after the deadline for disclosing expert witnesses, granting Defendant's motion would most likely have required Magistrate Judge Leen to either (a) unfairly prevent Plaintiff from presenting an expert witness to rebut whatever findings were made at the independent medical examination, or (b) amend the Scheduling Order for a second time.

In light of trial courts' authority to set schedules and establish and enforce deadlines to ensure the efficient treatment and resolution of cases, s*ee Wong v. Regents of University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005), and because it would be inequitable for a non-moving party to suffer prejudice as a result of a moving party's lack of diligence, the Court is not left with a definite and firm conviction that a mistake was made by Magistrate Judge Leen.  Magistrate Judge Leen's Order helped to ensure that this lawsuit will be resolved in a timely, efficient manner and prevented Plaintiff from suffering negative ramifications due to Defendant's delay.

/ / /

### C. The Date of the Initial Request for a Medical Examination

Defendant places great import on the fact that Magistrate Judge Leen found that Defendant first requested the independent medical examination on June 23, 2010, rather than on June 10, 2010, which Defendant claims to be the accurate date. According to Defendant, such a finding is sufficient in and of itself to warrant reversal of Magistrate Judge Leen's Order. This Court disagrees for two principal reasons.

First, Defendant did not indicate that it made the request on June 10, 2010 in its Motion, only in its Reply. In its Motion, the first date on which Defendant mentions requesting the medical examination is June 23, 2010. (Mot. 3:15–16, ECF No. 16.) It was not until its Reply--to which Plaintiff had no opportunity to respond--that Defendant mentioned the June 10, 2010 date. (Reply 8:12–15, ECF No. 28.) This being the case, Magistrate Judge Leen was not required to consider the June 10 date, *see Rodan & Felds, LLC v. Estee Lauder Companies, Inc.*, No. 10-CV-02451-LHK, 2010 WL 3910178, at *4 n.2 (N.D. Cal. Oct. 05, 2010) (explaining that new facts, evidence, and argument should not be submitted for the first time in a Reply), and her finding was not an error.

Second, even if the date of Defendant's initial request was June 10 not June 23, Magistrate Judge Leen's conclusion is still analytically sound. Magistrate Judge Leen's Order is not premised on the request being made a few days or a few weeks late; rather, it was based on Defendant's general lack of diligence in seeking the medical examination and the fact that granting Defendant's Motion would most likely require another amendment of the Scheduling Order. Whether the request was made on the 10th or the 23rd does not greatly affect this analysis. The request was still made nearly a year after Defendant received full medical authorization, and the Motion was still filed on July 19, 2010. Accordingly, Magistrate Judge Leen's Order cannot be reversed on this basis.

/ / /

### D. Contractual Provision

Defendant's arguments with regard to why the contractual provisions of the State Farm insurance policy require the Court at this time to compel Plaintiff to submit to a medical examination are inconsistent and not entirely coherent. In Defendant's initial Motion to Compel, Defendant argues that the State Farm insurance policy provides a basis upon which the Court can grant a Rule 35 order compelling a medical examination, asserting, "[t]his motion, . . . , seeks an order compelling a standard Rule 35 examination because (1) good cause exists for the examination; and (2) the subject insurance policy mandates the examination," (Mot. 2:18–21, ECF No. 16). Reading this sentence with a focus on its grammatical structure, it is clear that Defendant intended the language of the insurance policy to serve as the basis for a Rule 35 Order. However, in its Reply brief concerning that Motion, Defendant seems to indicate that the language of the policy provides for a basis to compel the medical examination that is independent of Rule 35. In that Reply, Defendant contends:

> As fully set forth in the motion (Doc. 16), State Farm has two *separate and independent* grounds upon which to have a medical examination performed on Plaintiff – (1) pursuant to the unambiguous language of Plaintiff's State Farm auto insurance policy, Plaintiff "must" – if he seeks UM/UIM benefits – be examined as State Farm may require; and (2) pursuant to the authority of the United States Supreme Court [sic] in *Schlagenhauf*, because Plaintiff's medical condition is undisputedly in controversy, good cause within the meaning of F.R.C.P. 35 exists as a matter of law.

(Reply 1:26–2:4, ECF No. 28.) That argument is not "fully set forth" in State Farm's earlier Motion; rather, in the Motion, the contractual provisions are portrayed as serving as a basis for a Rule 35 Order, not as a basis for an Order compelling the medical examination that does not arise under Rule 35. Thus, when Defendant in its Reply requested that the Court grant the Motion on "either the contractual or F.R.C.P. 35 grounds," (Reply 2:15–16, ECF

No. 28), it was making a new argument that Magistrate Judge Leen did not need to take into account, *see Zamani v. Carnes*, 491 F.3d 990, 991 (9th Cir. 2007) (indicating that "[t]he district court need not consider arguments raised for the first time in a reply brief"). The only question that was properly before Magistrate Judge Leen--and, thus, the only question that is before this Court--is that which was raised in Defendant's opening brief: whether language in an insured's policy can form the basis for a Rule 35 Order compelling a medical examination.

There is no aspect of Rule 35 that explicitly enables a party to seek a medical examination of another party based on the contractual relations between those two parties. Rather, a party making such a request under Rule 35 would be subject to the same requirements of "good cause" and "in controversy" as any other litigant. Though contractual language arguably might contribute to a showing under the "good cause" prong[2], it is still solidly within the court's discretion to determine whether to issue a Rule 35 Order. As discussed above, Magistrate Judge Leen's exercise of discretion was not clearly erroneous, so her Order may stand.

Even if Defendant had argued in a procedurally proper way that the provisions of the policy create a separate grounds for an order compelling a medical examination that is independent of Rule 35, the instant Objection would still fail, as Defendant has provided no authority demonstrating that it is permissible in Nevada and/or federal court to compel a party to submit to a medical examination during the pretrial stage based on the language of a policy when there is an unresolved dispute as to the current enforceability of that contract, nor has the Court seen any such authority. Accordingly, Defendant's Objection will be DENIED.

---

[2] Defendant seems to have attempted to argue this is its Motion to Compel, contending "good cause exists to permit the requested medical examination pursuant to both the rules of discovery and principles of contract law." (Mot. 4:25–26, ECF No. 16.)

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Objection (ECF No. 33) to Magistrate Judge Leen's Order is hereby DENIED.  Judge Leen's Order (ECF No. 32) is hereby AFFIRMED.

DATED this 4th day of January, 2011.

_____
Gloria M. Navarro
United States District Judge